Peter BARTON; J. Anthony Boeckh; Robert Campbell; Dale W. Church; Tom Curran; Edward A Dohring; Sharon Duker; Brian Enright; John Fedele; Walter M. Fiederowicz; Goldberg Charitable Trust; Alan P. Goldberg; Libby Goldberg; Robert J. Higgins; Dan Hogan; Hugh A. Johnson, Jr.; Ken Leichman; Michael Lindburg; Michael Lounsberry; Louise Lounsberry; Michael D. Marvin; Martin J. Mastroianni; Patricia Mastroianni; Daniel V. McNamee, III; George C. McNamee; Kathleen McNamee; Art Murphy; E. Dennis O'Connor; Maureen O'Connor; Seymour Pearlman; John Puig; Bob Schock; Charles L. Schwager; Beni Sternlicht; Edward Swyer; Thomas Vierengel; Timothy R. Welles; Stephen P. Wink; David Wood; Mechanical Technology, Inc.; and First Albany Companies, Inc.; Defendant–Appellants;

v.

LAWRENCE GROUP, INC.; Lawrence United Corp. Insurance Agency of Southern California, Inc.; Barbara C. Lawrence; A.W. Lawrence and Company, Inc.; Lawrence Agency Corp.; Lawrence United Corporation; Lawrence Health Care Administrative Services, Inc.; Global Insurance Company; and Senate Insurance Company; Plaintiff–Appellees.

Nos. 99–CV–2186, 99–CV–2187.

United States District Court, N.D. New York.

Sept. 6, 2000.

Harvey & Mumford (Brian F. Mumford, of counsel), Albany, NY, for Barton Defendant–Appellants.

Millbank, Tweed, Hadley & McCloy LLP (Toni C. Lichstein, Douglas W. Henkin, of counsel), New York City, Mechanical Technology Inc. and First Albany Cos. Inc.

Barrett, Gravante, Carpinello & Stern, LLP (George Carpinello, of counsel), Albany, NY, for Duker, Higgins, Marvin, Schock, and Swyer.

Ainsworth, Sullivan, Tracy, Knauf, Warner & Ruslander, P.C. (Rebecca A. Slezak, John W. Bailey, of counsel), Albany, NY, for Plaintiff–Appellees.

### MEMORANDUM–DECISION and ORDER

HURD, District Judge.

## I. INTRODUCTION

Defendant-appellants brought this appeal from the Orders of the United States Bankruptcy Court for the Northern District of New York (Connelly, B.J.) entered on June 9, 1999, and June 11, 1999, in which the court denied defendants' motion to dismiss the amended complaints of the plaintiff-appellees and abstained from further proceedings. Oral argument was heard on June 9, 2000, in Utica, New York. Decision was reserved.

## II. FACTS

In February 1997 Albert Lawrence, Barbara C. Lawrence, and various affiliated entities filed for bankruptcy protection. At that time they held 820,909 shares of Mechanical Technology, Inc. ("MTI") stock ("the stock"). Barbara C. Lawrence, the affiliated entities, and two non-debtor shareholders of stock are the plaintiff-appellees in this action. In June of 1997 it was determined that the stock was an asset of the bankruptcy estates, which should be liquidated. First Albany Companies, Inc. ("First Albany") offered to purchase the shares on behalf of anonymous purchasers.[1] Negotiations took place, and the debtors moved the bankruptcy court for an order pursuant to 11 U.S.C. § 363 permitting the sale. The bankruptcy court held hearings to determine the fair value of the stock in July and

August 1997. By an amended order dated September 10, 1997 ("§ 363 Sale Order"), the bankruptcy court found that $2.25 per share was a fair and reasonable price, and approved the sale. The closing of the sale occurred on September 26, 1997, at which time plaintiff-appellees learned the identity of the purchasers.

On October 20, 1997, information regarding an MTI product became public. Plaintiff-appellees allege that this information was previously known to the purchasers and was withheld in order to keep the sale price low. Shortly thereafter, shares of MTI increased in value to $9.87.

## III. PROCEDURAL HISTORY

On September 9, 1998, plaintiff-appellees brought seven adversary proceedings alleging fraud by defendant-appellants.[2] Plaintiffs alleged that due to the concealment of certain facts, the bankruptcy court found the fair market price of the stock to be significantly lower than it would have, had the bankruptcy court known of these facts. Prior to answering the complaint, defendant-appellants brought a motion to dismiss the amended complaints as impermissible collateral attacks on the § 363 Sale Order. The bankruptcy court denied the motion to dismiss, and abstained from further proceedings pursuant to 28 U.S.C. § 1334(c)(1).

The parties stipulated to withdraw the reference to the bankruptcy court, while preserving defendant-appellants' right to appeal the bankruptcy court's order denying the motion to dismiss and abstaining from further proceedings. In keeping with their reservation of the right to appeal the bankruptcy court's orders, defen-

---

1. The then-anonymous purchasers, one Bob Schock, MTI, and First Albany are the defendant-appellants in this action.

2. Plaintiffs also brought the related civil action 98–CV–1436. However, there are no pending motions in that case.

dant-appellants initially brought seven appeals before the Bankruptcy Appellate Panel ("BAP"). The BAP consolidated the appeals, but due to the stipulated withdrawal of reference, the BAP found it lacked jurisdiction and dismissed the appeals and transferred the consolidated appeal to this court. The defendant-appellants, unwilling to give up easily, filed seven additional appeals before the BAP. The BAP again consolidated the appeals, deemed them as motions for reconsideration, and again transferred the consolidated appeal to this court. It is these two consolidated appeals, virtually identical, that are currently awaiting decision.

## IV. DISCUSSION

In order to obtain relief from a bankruptcy court judgment or order, litigants must follow Fed.R.Civ.P. 60, except in circumstances not applicable here. Fed. R. Bankr.P. 9024, 11 U.S.C.A. Motions to obtain relief from a judgment due to newly discovered evidence or fraud must be made within a reasonable time but in any event not more than one year after the order was entered. Fed.R.Civ.P. 60(b).

The § 363 Sale Order approving the sale of stock at $2.25 per share was entered on September 10, 1997. Plaintiff-appellees could have obtained relief from that judgment due to newly discovered evidence or fraud by motion filed pursuant to Fed.R.Civ.P. 60(b). The facts that provide the basis upon which plaintiff-appellees allege fraud came to light in October 1997. Plaintiff-appellees did not seek relief from the judgment upon learning these facts. Rather, plaintiff-appellees waited approximately eleven months, then brought adversary proceedings alleging fraud. Thus, even if the adversary proceedings were deemed to be motions under Rule 60(b), such motions would not have been brought within a reasonable time.

Accordingly, the adversary proceedings must be dismissed as impermissible collateral attacks upon the bankruptcy court judgment. *See L.J. Hooker Int'l Florida, Inc. v. Gelina,* 131 B.R. 922, 925 (Bkrtcy.S.D.N.Y.1991)(restating the principle that a second lawsuit based upon the same cause of action is barred by a prior judgment on the merits).

Plaintiff-appellees argue that the adversary proceedings were not attacks upon the § 363 Sale Order, because they do not seek rescission of the sale. However, they do seek damages in the amount of the difference between the bankruptcy sale price of the MTI stock and what they allege was the true fair value of the MTI stock. Styling their cause of action as one for fraud does not save it from res judicata. Plaintiff-appellees could have sought this relief in the original bankruptcy proceedings, through a Rule 60(b) motion for relief from the § 363 Sale Order judgment. Given that this relief was available in the prior proceedings, plaintiff-appellees cannot now bring a second proceeding seeking that relief. *See, e.g., Robertson v. Isomedix, Inc.,* 28 F.3d 965, 970 (9th Cir.1994)(finding antitrust action barred by prior bankruptcy court § 363 sale order, when the relief sought in the later action could have been sought in the bankruptcy court).

## IV. CONCLUSION

Plaintiff-appellees could have obtained the relief sought here by bringing a Rule 60(b) motion to amend the § 363 Sale Order. This the plaintiff-appellees did not do. Moreover, the judgement in the bankruptcy court proceedings precludes the instant adversary proceedings alleging fraud. Thus, the adversary proceedings must be dismissed. Based upon the foregoing, it is unnecessary to consider the

**30**

arguments regarding failure to state a claim, standing, and abstention.

Accordingly it is

ORDERED that

1. The June 9, 1999, and June 11, 1999, orders of the bankruptcy court are REVERSED; and

2. The seven adversary complaints, 98–91283, 98–91307, 98–91308, 98–91309, 98–91310, 98–91311, and 98–91313, are DISMISSED in their entireties.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.